UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSIAH WILLIAMS,

    Plaintiff,

vs.    Case No. 2:05-cv-224-FtM-29SPC

CAPTAIN LICATA; SARGENT CONTE; ERIC MOONEY,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court upon review of the Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. #32) filed on behalf of Defendants Licata and Eric Mooney[1] and Defendant Conte's Motion to Dismiss (Doc. #39). Plaintiff was twice directed to file a response to the Defendants' respective motions, but has failed to do so. (Docs. #19 and #40.) This matter is now ripe for review.

**I.**

Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint form (Doc. #1) pursuant to 42 U.S.C. § 1983 while incarcerated at Charlotte Correctional Institution (hereinafter "Charlotte Correctional") on May 13, 2005.[2] The incident giving rise to the Complaint occurred on the evening of January 31, 2005,

---

[1] Defendant Eric Mooney was originally identified as "John Doe" in Plaintiff's Complaint.

[2] Based on the docket history, it appears that Plaintiff is no longer incarcerated.

at Charlotte Correctional. Plaintiff names Sergeant Conte,[3] Captain Licata, and an unknown officer, which has been identified as Officer Eric Mooney, as Defendants.

The Complaint alleges the following facts, which at this stage of proceedings are accepted as true: Plaintiff and his cellmate, Matthew Diedonne (hereinafter "cellmate Diedonne"), were escorted out of their cell for a haircut and a shower, which was overseen by Officer Hendrix, Officer Galeski, and Defendant Conte. Complaint at 9. Upon being escorted back to the cell, cellmate Diedonne noticed that his haircut was not done properly. Diedonne asked Defendant Conte why Conte allowed the inmate barbers to "mess up our inmate hair." Plaintiff alleges that Defendant Conte "became disorderly," proceeded to punch the cell glass and yell profanities at cellmate Diedonne. Then, Defendant Conte stated that he was going to use chemical agents on Diedonne and Plaintiff. Plaintiff requested three times that Defendant Conte remove Plaintiff from the cell, but Defendant Conte refused and told Plaintiff to "take it up with your roommate." Id.

Defendant Conte returned to Plaintiff's cell with Defendant Licata. Plaintiff alleges that he explained to Defendant Licata that neither he nor his cellmate Diedonne were acting disorderly.

---

[3]At the time Plaintiff filed the Complaint, Defendant Conte was employed as a Sergeant. Counsel for Defendant Conte states that since the incident, Defendant Conte "left the Department of Corrections and is no longer employed in any capacity with the Department of Corrections." (Doc. #39 at 1.)

Plaintiff requested that Defendant Licata remove him from the cell before using chemical agents on Diedonne. Similar to Defendant Conte, Plaintiff alleges that Defendant Licata also told Plaintiff to "take it up with your roommate." Id. at 10. Defendant Licata returned with Defendant Mooney who opened the food flap and discharged a ten to fifteen second burst of chemical agents into the cell. Defendants Licata and Mooney left the pod and then returned to repeat a second, ten to fifteen second burst of chemical agents. Plaintiff claims the chemical spray got on his face, right hand, and back of his head. Two nurses from Prison Health Services evaluated both Plaintiff and cellmate Diedonne. Id.

Plaintiff claims that on February 4, 2005, he submitted an informal grievance regarding the incident. Approximately ten days later, on February 14, 2005, Defendant Conte allegedly "threatened" Plaintiff for writing the grievance and ordered Plaintiff to "drop the grievance." On February 18, 2005, Plaintiff wrote a grievance concerning Defendant Conte's threat to which Defendant Conte again threatened Plaintiff. Id. As relief, Plaintiff requests monetary damages in the amount of $150,000.00 from each Defendant. Id. at 11.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them

in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which

-4-

precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**III.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

The Eighth Amendment, which prohibits "cruel and unusual punishment," provides the constitutional framework for Plaintiff's claim. It is the unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). In applying the Eighth Amendment in the context of prison discipline, a distinction is made between "punishment after the fact and immediate coercive measures necessary to restore order and security." Ort v. White, 813 F.2d 318, 324-25 (11th Cir. 1987).

With regard to the use of chemical agents:

> It is generally recognized that "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984), cert. denied, 470 U.S. 1085 (1985). For this reason, we have closely scrutinized the use of tear gas or mace (a trade name for tear gas, Soto, 744 F.2d at 1261) in correctional facilities. See e.g., Bailey v. Turner, 736 F.2d 963 (4th Cir. 1984); Greear v. Loving, 538 F.2d 578 (4th Cir. 1976). This is because, even when properly used, such weapons "possess inherently dangerous characteristics capable of causing serious and perhaps irreparable injury to the victim." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985). Accordingly, although it is not *per se* unconstitutional for guards to spray mace at prisoners confined in their cells, it is necessary to examine the "totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determine[e] the validity of the use of tear gas in the prison environment." Bailey, 736

> F.2d at 969. See also Justice v. Dennis, 834 F.2d 380, 383 (4th Cir. 1987) (*en banc*), vacated on other grounds, 490 U.S. 1087 (1989).
>
> However, mace can be constitutionally used in small quantities to "prevent riots and escapes" or to control a "recalcitrant inmate." Landman v. Peyton, 370 F.2d 135, 138 & n. 2 (4th Cir. 1966), cert. denied, 388 U.S. 920 (1967). See also Bailey, 736 F.2d at 968-69. A limited application of mace may be "much more humane and effective than a flesh to flesh confrontation with an inmate." Soto, 744 F.2d at 1262. Moreover, prompt washing of the maced area of the body will usually provide immediate relief from pain. Id.

Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996). Thus, it is "the imposition of pain totally without penological justification" that is proscribed by the Eighth Amendment. Evans v. Dugger, 908 F.2d 801, 803 (11th Cir. 1990) (citations omitted). See also Ort v. White, 813 F.2d 318; Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

Instances of "physical abuse directed at [a] prisoner **after** he terminate[s] his resistance to authority would constitute an actionable eighth amendment violation." Hope v. Pelzer, 536 U.S. 730, 731 (2002)(emphasis in original)(quoting Ort, 813 F.2d at 324). Significantly, the Eleventh Circuit found that:

> the use of force in retaliation for a provocative act occurring some time earlier is "more likely to be not an effort to restore order but instead either a motive for 'maliciously' striking the inmate 'for the purpose of causing harm' or else summary, informal, unofficial and unsanctioned corporal punishment."

Ort v. White, 813 F.2d 318, 324 (quoting Smith v. Dooley, 591 F. Supp. 1157 (W.D. La. 1984), aff'd, 778 F.2d 788 (5th Cir. 1985)).

Defendants Licata and Mooney in their motion argue that Plaintiff brings this action against Defendants in their official capacities only and as such the Defendants are protected under Eleventh Amendment immunity. Additionally Defendants Licata and Mooney contend that the Complaint does not properly state an Eighth Amendment claim because "[i]t is undisputed that the chemical agent was only used on cell-mate Dieudonne" and any spray Plaintiff received was inadvertent.

Similarly, Defendant Conte claims Eleventh Amendment immunity and states that the Compliant fails to properly plead an Eighth Amendment violation. Defendant Conte argues that the allegations "are couched more in negligence, by the alleged failure of the Defendants to remove the Plaintiff from the cell prior to gassing his then cell-mate, than in any malicious or intentional act directed versus [sic] the Plaintiff individually."

Although the Complaint does not specify whether Plaintiff intends to sue the named Defendants individually or in their official capacities, or both, based on the Complaint, the Court will construe the Complaint as suing the Defendants in both their individual and official capacities. E.g., Hobbs v. Roberts, 999 F.2d 1526 (11th Cir. 1993).

With regard to the official capacity claims, the Court agrees with the Defendants. Defendants, as Florida state prison

officials, are immune under the Eleventh Amendment from § 1983 claims seeking monetary damages against them in their official capacities.  <u>Zatler v. Wainwright</u>, 802 F.2d 397, 400 (11th Cir. 1986).  <u>See</u> <u>also</u> <u>Gamble v. Florida Dep't of Health & Rehab. Servs.</u>, 779 F.2d 1509, 1512 (11th Cir. 1986).  Thus, the claim for money damages must be dismissed with prejudice as to each defendant in his official capacity.

As to the individual capacity claims, the Complaint alleges Defendant Licata permitted Defendant Conte to non-spontaneously use chemical agents on Plaintiff's cellmate because Plaintiff's cellmate objected to his haircut.  Nowhere does the Complaint allege that Plaintiff or his cellmate were acting disorderly.  In fact, Plaintiff claims he was an innocent bystander and in fact requested to be removed from the cell before Defendants dispersed the chemical agents into the cell occupied by Plaintiff and his cellmate.  Rather than removing Plaintiff from the cell, Defendants told Plaintiff to "take it up with your roommate."  In turn, Plaintiff was sprayed with the chemical agents.  Based on these facts at this stage of the proceedings, the Court cannot say that Plaintiff cannot prove any set of facts that would entitle him to relief.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The **Clerk of Court** is directed to correct the caption of the case to substitute Defendant "John Doe" with "Officer Eric Mooney."

2.  The Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. #32) filed on behalf of Defendants Licata and John Doe, also known as Eric Mooney is **GRANTED** to the extent that the official capacity claims for monetary damages are dismissed.  Otherwise, the motion is **DENIED**.

3.  Defendant Conte's Motion to Dismiss (Doc. #39) is **GRANTED** to the extent that the official capacity claims for monetary damages are dismissed.  Otherwise, the motion is **DENIED**.

4.  Defendants shall file an Answer within **twenty (20) days** from the date on this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this __22nd__ day of January, 2007.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record